## SIM GOHEE v. STATE.

No. A-4818.   Opinion Filed Jan. 31, 1925.
(232 Pac. 960.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Possession—Evidence Insufficient.** In a prosecution for unlawful possession of intoxicating liquor, evidence held insufficient to sustain a conviction.

Appeal from County Court, Pontotoc County; Tal Crawford, Judge.

Sim Gohee was convicted of the unlawful possession of intoxicating liquor, and he appeals. Reversed.

A. C. Chaney, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   On an indictment returned in the district court of Pontotoc county, and duly transferred to the county court, charging that Sim Gohee, "did unlawfully have in his possession intoxicating liquor, to wit, one keg of Choctaw beer, same being then and there intoxicating," with the unlawful intent to sell the same, he was tried and convicted and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days. He has appealed from the judgment rendered on the verdict, and assigns as error that the evidence is insufficient to support the verdict.

The undisputed facts are that a 4 or 5 gallon keg containing what is alleged to be Choctaw beer was found in the possession of the defendant.

It is urged that there was no evidence tending to show that the liquor in the keg was intoxicating.

W. C. Moore testified that he and Stapleton found the keg; that they each took a drink, and it tasted like Choctaw beer; the defendant came up and they sampled it again; that "it never had any effect on him."

A. J. Stapleton testified that he was with Mr. Moore when they found the keg; that he took two drinks about a quart each time, but it had no intoxicating effect that he could tell. This was all of the evidence offered by the state to show that the contents of the keg was intoxicating.

It is manifest from the record that there was no evidence tending to show that the contents of the keg was intoxicating liquor as alleged.

In the case of Estes v. State, 13 Okla. Cr. 604, 166 P. 77, 4 A. L. R. 1135, it was held that:

" 'Intoxicating liquor,' as this phrase is used in the prohibitory liquor statutes of this state, is an alcoholic liquor, and in order to come under the ban of the law such liquor must either contain more than one-half of 1 per cent. of alcohol, or a sufficient quantity of it in a liquor or compound, capable of being used as a beverage, to intoxicate a human being."

Because the evidence is insufficient to sustain a conviction, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.